ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| BANCO POPULAR DE PUERTO RICO<br><br>Demandante-Recurrido<br><br>v.<br><br>HÉCTOR MIGUEL VEGA JIMÉNEZ, et al<br><br>Demandados-Peticionarios | KLAN202400154 | *APELACIÓN- se acoge como Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. ISCI201400810<br><br>Sala: 207<br><br>Sobre: Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de septiembre de 2024.

Comparece la parte peticionaria, Héctor Miguel Vega Jiménez (en adelante, señor Vega Jiménez) y Omayra Cabán Acevedo (en adelante, señora Cabán Acevedo), para solicitarnos que se revise y revoque la *Resolución* de 18 de agosto de 2023, notificada el 30 de agosto de 2023, mediante la cual entendió el Tribunal de Primera Instancia que se había emplazado correctamente.

La parte recurrida, Banco Popular de Puerto Rico (en adelante, parte recurrida o Banco Popular) compareció el 14 de marzo de 2024 mediante *Alegato de la parte recurrida.*

Acogemos la apelación de epígrafe como un *Certiorari,* por ser el recurso adecuado para la revisión de la determinación recurrida. Sin embargo, para fines administrativos, mantenemos la codificación alfanumérica que la Secretaría de este foro le asignó al caso. Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, se *expide*

Número Identificador

SEN2024 _____

el auto de *Certiorari y se revoca* la *Resolución* recurrida, por los fundamentos que expondremos a continuación.

Veamos los hechos procesales del caso ante nuestra consideración.

**-I-**

El 13 de junio de 2014, Banco Popular presentó demanda contra el matrimonio Vega Cabán en la cual se reclamó el cobro de dinero y la ejecución de una hipoteca en la Urbanización Hacienda Libertad, A-9 sita en Añasco, Puerto Rico.[1] Este mismo día la Secretaría del Tribunal de Primera Instancia expidió los emplazamientos del señor Vega Jiménez y de la señora Cabán Acevedo y la Sociedad Legal de Gananciales compuesta por ambos. A estos fines, la señora Cabán Acevedo fue emplazada personalmente el 12 de agosto de 2014.[2] La parte recurrida no pudo diligenciar el emplazamiento personal del señor Vega Jiménez, por lo que el 4 de septiembre de 2014 el Banco Popular radicó ante el foro primario una *Moción Sometiendo Emplazamiento Diligenciado y Solicitud para que se Expidan Emplazamiento por Edicto*.[3] Acompañó la moción con la declaración jurada suscrita por el emplazador, el señor René Negrón Negrón, (en adelante, señor Negrón Negrón).[4]

Se desprende de la Declaración Jurada del emplazador, al señor Negrón Negrón lo siguiente:

> Yo, RENE NEGRÓN NEGRÓN, mayor de edad, soltero, emplazador y vecino de Cabo Rojo, Puerto Rico; bajo juramento declaro lo siguiente:
> 1. Mi nombre *y* demás circunstancias personales son las antes expresadas.
> 2. No soy menor de dieciocho (18) años, sé leer y escribir.
> 3. No soy la parte en este litigio, ni su abogado, ni pariente dentro del cuarto grado de consanguinidad o segundo de afinidad.
> 4. Tampoco tengo interés en el pleito.
> 5. Se me encomendó emplazar a los demandados en este caso.

---

[1] Apéndice 1 del Recurso de *Certiorari*, págs. 1-2.
[2] Apéndice 3 del Recurso de *Certiorari*, pág. 10.
[3] Apéndice 2 del Recurso de *Certiorari*, págs. 3-7.
[4] Apéndice 2 del Recurso de *Certiorari*, págs. 4-5.

6. Traté de hacerlo en la siguiente dirección: 9A Urbanización Hacienda Libertad, Añasco, Puerto Rico, por las siguientes razones:

a. al usar el "tele entry" o no contestaban el teléfono o sonaba ocupado;

b. no contestaban los números telefónicos suministrados.

**7. Busqué información de los demandados en los medios electrónicos y encontré un lugar donde la demandada trabaja y llegué hasta el lugar y la emplacé.**

**8. Cuando le pregunté por el demandado, me informó que estaban separados, que él se dedicaba a vender "diesel" y que vivía frente al parque de pelota del barrio Mamey de Aguada, Puerto Rico, en la Carretera Estatal número 4417.**

**9. Me informó, además, que el número de teléfono del demandado era el (787) 642-3519.**

**10. Se procedió a llamarlo y eventualmente me contestó informándome que estaría en el área de Aguada, Puerto Rico, el 13 de agosto de 2014, de diez a once de la mañana.**

**11. El 13 de agosto de 2014 lo llamé desde mi teléfono (787) 637 9058 y me contestó que aún venía desde San Juan, Puerto Rico y que tenía que parar en Arecibo, Puerto Rico, por lo que llegaría a Aguada como a las dos de la tarde.**

**12. El 13 de agosto de 2014 lo llamé varias veces, desde las dos de la tarde, no teniendo éxito en la comunicación.**

13. Pasé por el lugar donde la demandada me informó que pernoctaba, no encontrando a nadie en ese momento.

14. Posteriormente lo llamé, siendo la última el 15 de agosto de 2014, a las 12:28 de la tarde.

15. El demandado está evadiendo ser emplazado.

Y para que así conste, juro y suscribo la presente en Cabo Rojo, Puerto Rico, a *20 de agosto* de 2014.

(firma ininteligible)
**RENE NEGRÓN NEGRÓN**
Carretera 307 Km. 9 Hm. 2
PO Box 1124
Boquerón, PR 00622
(787) 637-9058.[5]

**Posteriormente, el 11 de septiembre de 2014 la señora Cabán Acevedo radicó por derecho propio una *Moción Solicitando Prórroga para Contestar Demanda y/o Hacer Alegación Responsiva*.**[6] En ella notificó su nueva dirección y solicitó una prórroga para contestar. Mediante *Resolución* y *Orden* del 19 de septiembre de 2014 y notificada el 16 de octubre del mismo año, el foro de instancia le concedió treinta (30) días para contestar la demanda, so pena de anotación de rebeldía y en el mismo término debería anunciar su representación legal.[7] **Esta *Resolución* no fue**

---

[5] *Íd.*, págs. 4-5. (Énfasis suplido).
[6] Apéndice 3 del Recurso de *Certiorari*, pág. 10.
[7] Apéndice 4 del Recurso de *Certiorari*, págs. 11-12.

**notificada a la dirección provista por la señora Cabán Acevedo en su moción**. Así las cosas, ésta no presentó alegación responsiva ni anunció representación legal.

Con relación al señor Vega Jiménez, el 24 de septiembre de 2014 el Foro a *quo* promulgó la *Orden sobre Publicación de Edicto*.[8] El mismo fue publicado el 21 de octubre de 2014 en el periódico "El Nuevo Día", según consta de la certificación de la publicación, que fuera emitida por la señora Sonia E. Díaz Santiago, representante autorizada del periódico.[9] Asimismo, el 10 de diciembre de 2014 el Banco Popular radicó una *Solicitud de Anotación de Rebeldía y Sentencia* en contra de la señora Cabán Acevedo, toda vez que esta no presentó alegación responsiva.[10] **El 20 de enero de 2015, el Tribunal de Primera Instancia dictó la *Sentencia* en Rebeldía**.[11] Adicionalmente, se emitió la notificación de la *Sentencia* por edictos.[12] Así las cosas, Banco Popular procedió a notificar la *Sentencia* por edictos y a acreditarle al foro primario dicha publicación.[13]

El 13 de marzo de 2023, el Banco Popular presentó *Moción Asumiendo Representación Legal, Informativa y Solicitando Autorización para Ejecutar la Sentencia*.[14] En síntesis, informaban del deceso de uno de los abogados del caso y solicitaron la orden de ejecución de la sentencia. A estos fines, la *Orden* de ejecución de sentencia fue emitida por el Tribunal de Primera Instancia el 28 de marzo de 2023 y el mandamiento de ejecución de sentencia fue expedido el 4 de abril de 2023.[15]

---

[8] Apéndice 5 del Recurso de *Certiorari*, pág. 14.
[9] Apéndice 7 del Recurso de *Certiorari*, pág. 19.
[10] *Íd.*, págs. 18-61.
[11] Apéndice 9 del Recurso de *Certiorari*, págs. 65-70.
[12] Apéndice 9 del Recurso de *Certiorari*, págs. 67-70.
[13] Apéndice 10 del Recurso de *Certiorari*, págs. 71-72.
[14] Apéndice 14 del Recurso de *Certiorari*, págs. 87-92.
[15] Apéndice 16 del Recurso de *Certiorari*, págs. 94-99.

Surge de los autos que, por parte de la señora Cabán Acevedo se llevó a cabo un proceso de Quiebras al amparo del Capítulo 7 ante la Corte de Quiebras, con el Case No. 19-07627MCF.[16] Alegadamente, la señora Cabán Acevedo divulgó la propiedad en cuestión como parte del procedimiento de quiebras y notificó que había una sentencia final del litigio que nos ocupa.[17] No obstante, el mismo está huérfano de evidencia relacionado al proceso de quiebra.

Luego de varios trámites procesales, el 5 de julio de 2023 la señora Cabán Acevedo radicó ante el foro recurrido una *Moción Urgente Solicitando la Paralización de los Procedimientos Post Sentencia y en Solicitud de que se Ordene la Notificación Correcta de la Sentencia a Tenor con la Doctrina Reiterada en Banco Popular v. Andino Solís,* 192 DPR 172 (2015). En esencia adujo que, mediante su comparecencia el 11 de septiembre de 2014 notificó su dirección correcta y que el dictamen de ejecución resultaba inoficioso ya que este, ni ningún otro trámite judicial nunca le fue notificado a su dirección postal por lo que estuvo impedida de defenderse adecuadamente.[18]

De igual forma, el 10 de julio de 2023 el señor Vega Jiménez radicó ante el foro de instancia *Moción Urgente en Solicitud de Desestimación de la Demanda por no Haberse Emplazado Conforme a Derecho al Demandado Héctor Miguel Vega Jiménez Dentro del Término Provisto por las Reglas de Procedimiento Civil.* En síntesis, se limitó a replicar sin someterse a la jurisdicción del tribunal, que no había sido emplazado conforme a derecho, toda vez que la declaración jurada del emplazador Negrón Negrón era una vaga e

---

[16] Apéndice 14 del Recurso de *Certiorari*, pág. 89
[17] Apéndice 14 del Recurso de *Certiorari*, pág. 87.
[18] Apéndice 18 del Recurso de *Certiorari*, págs. 102-113.

insuficiente y que el término del emplazamiento ya había caducado.[19]

El 10 de julio de 2023 el Tribunal de Primera Instancia emitió *Resolución y Orden* paralizando provisionalmente el trámite post sentencia. A su vez, concedió un término al Banco Popular para que replicara a las mociones presentadas por el matrimonio Vega Cabán. **En adición, el Foro a *quo* ordenó a la Secretaria a notificar correctamente la sentencia a todas las partes**.[20] Posteriormente, Banco Popular presentó su moción de *Oposición a Solicitud de Paralización de los Procedimientos.*[21] En resumen, argumentó que notificó la *Sentencia* a todas las direcciones conocidas de sus archivos y que estas fueron recibidas. Sostuvo además que, la señora Cabán Acevedo tenía pleno conocimiento del caso y de la *Sentencia* que había recaído en su contra toda vez que, ella misma dio conocimiento de esta ejecución ante la Corte de Quiebras, por lo que se oponía a la solicitud de paralización. Con relación al señor Vega Jiménez, arguyó que éste tenía pleno conocimiento del caso y que este había acordado con el emplazador Negrón Negrón acceder al emplazamiento personal. Añadió que, ante la actitud de evadir al emplazador, se cumplían los requisitos de la Regla 4.3 de Procedimiento Civil, *supra,* por lo que el emplazamiento por edicto resultaba correcto en derecho de conformidad a la Regla 4.6 de Procedimiento Civil, *supra.*[22]

El Tribunal de Primera Instancia emitió *Resolución* el 18 de agosto de 2023, notificada el 30 de agosto del mismo año declarando *No Ha Lugar* la solicitud de desestimación.[23] En síntesis, determinó que la solicitud para el emplazamiento había sido conforme a derecho y a satisfacción del Tribunal. Añadió que, el señor Vega

---

[19] Apéndice 19 del Recurso de *Certiorari*, págs. 114-139.
[20] Apéndice 20 del Recurso de *Certiorari*, págs. 140-141.
[21] Apéndice 22 del Recurso de *Certiorari*, págs. 144-148.
[22] Apéndice 26 del Recurso de *Certiorari*, págs. 163-164.
[23] *Íd.*, págs. 163-164.

Jiménez tenía conocimiento del caso, más no compareció a contestar la demanda. Además, sentenció que el Banco Popular realizó suficientes diligencias para emplazarlo personalmente siendo estas infructuosas, por lo que procedía emplazar mediante edicto.

El 5 de septiembre de 2023, el señor Vega Jiménez radicó ante el Tribunal de Primera Instancia una *Solicitud de Reconsideración y Réplica a Moción en Oposición.*[24] Argumentó nuevamente que, el emplazamiento personal era defectuoso, por no cumplir con la Regla 4.3 de Procedimiento Civil, *supra*, y que, por ende, el emplazamiento por edicto al amparo de la Regla 4.6 de Procedimiento Civil, *supra*, resultaba nulo de su faz.

**El 17 de octubre de 2023, el foro de origen emitió una *Resolución* mediante la cual ordenó la notificación de la *Sentencia* en rebeldía a todas las partes co-demandadas, (peticionarios). El 26 de octubre de 2023 se emitió una *Notificación Enmendada de la Sentencia en Rebeldía dictada el 20 de enero de 2015*.**[25] El 30 de octubre de 2023, el señor Vega Jiménez radicó ante el Tribunal de Primera Instancia una *Solicitud de Reconsideración y de Relevo de Sentencia.* Se reiteró que no había sido emplazado, que el emplazamiento por edicto era nulo al igual que la *Sentencia* en su contra. En esa misma fecha, la señora Cabán Acevedo presentó una *Solicitud de Reconsideración.*[26] En resumen, adujo que tenía una buena defensa y que no contestó la demanda previamente porque no tenía representación legal y ahora sí. Añadió a su vez, que no contestó porque no se le había notificado la moción de rebeldía presentada por Banco Popular. El 13 de noviembre de 2023, el Banco Popular presentó la respectiva moción de *Oposición* a ambas mociones.[27]

---

[24] Apéndice 28 del Recurso de *Certiorari*, págs. 168-177.
[25] Apéndice 38 del Recurso de *Certiorari*, págs. 208-214.
[26] Apéndice 40 del Recurso de *Certiorari*, págs. 215-225.
[27] Apéndice 43 del Recurso de *Certiorari*, págs. 228-231.

Con la comparecencia de las partes, el 14 de noviembre de 2023, reducida a escrito el 8 de enero de 2024 y notificada el 26 de enero del mismo año, el Foro a *quo* emitió *Resolución y Orden* declarando *No Ha Lugar* la *Solicitud de Reconsideración y de Relevo de Sentencia* presentada por el señor Vega Jiménez y, en cuanto a la solicitud de reconsideración de la señora Cabán Acevedo, se tuvo por sometida y se reiteró en sus pronunciamientos contenidos en la *Resolución* del 17 de octubre de 2024.[28]

Inconforme con el dictamen del Tribunal de Primera Instancia, el 20 de febrero de 2024 la parte peticionaria presentó este recurso de *Certiorari*, donde le imputó al foro recurrido los siguientes señalamientos de error:

> Erró el Tribunal *a quo* al declarar *No Ha Lugar* la moción en solicitud de desestimación de la demanda por no haberse emplazado conforme a derecho a todas las partes demandadas dentro del término de 120 días provisto por la Regla 4.3 (c) de Procedimiento Civil de 2009 y al declarar *No Ha Lugar* la moción de reconsideración y de relevo de sentencia.
>
> Erró el Tribunal *a quo* al autorizar por edicto del demandado Héctor Miguel Vega Jiménez con una declaración jurada e insuficiente en derecho, débil y vaga que incumple totalmente con las disposiciones de la doctrina e incumple totalmente con jurisprudencia reciente de este Honorable Tribunal de Apelaciones que se cita en el presente escrito y al declarar No Ha Lugar la reconsideración de la demandada Cabán Acevedo.

Examinado el recurso en su totalidad y con la comparecencia de las partes, procedemos a establecer el derecho aplicable y resolver.

**-II-**

-***A***-

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al..*, 2023 TSPR 65, 212 DPR 194 (2023); *McNeil*

---

[28] Apéndice 48 del Recurso de *Certiorari,* págs. 240-241.

*Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1., establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de resoluciones y órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 709 (2019). En lo pertinente, la Regla 52.1, *supra*, dispone lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

La discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023); *Mun. Caguas v. JRO Construction*, 201 DPR 703, 712 (2019); *IG Builders et al. v. BBVAPR*, *supra*, pág. 338. Así pues, la discreción judicial para expedir o no el auto de *certiorari* no ocurre en un vacío ni en ausencia de parámetros. *Id.* Cónsono con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40, orienta la función del tribunal intermedio para ejercer

sabiamente su facultad discrecional y establece los criterios que debe considerar al determinar si procede o no expedir un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra*; *Rivera et al. v. Arcos Dorados et al., supra*; *Mun. Caguas v. JRO Construction, supra*, pág. 709; *McNeil Healthcare v. Mun. Las Piedras I, supra*, págs. 404-405; *IG Builders et al. v. BBVAPR, supra*, págs. 338-339. La referida regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cabe precisar que el recurso de *certiorari* es un recurso extraordinario discrecional que debe ser utilizado con cautela y solamente por razones de peso. *Pueblo v. Díaz De León*, 176 DPR 913, 918 (2009). Es por ello que, los tribunales revisores deben limitarse a aquellos casos en que la ley no provee un remedio adecuado para corregir el error señalado. *Id.* Nuestro ordenamiento jurídico ha establecido que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o

aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al., supra*; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000).

*-B-*

El debido proceso de ley, en su vertiente procesal, exige que las partes sean notificadas de los escritos que se producen durante el trámite judicial. *Bco. Popular v. Andino Solís*, 192 DPR 172, 183 (2015). Por consiguiente, una notificación defectuosa, o la ausencia de ésta, incide sobre los derechos de las partes, enervando así las garantías procesales que estamos llamados a proteger. *Íd.*, pág. 184.

Como es sabido, y pertinente al recurso de epígrafe, es menester señalar que, en cuanto a las notificaciones de órdenes, resoluciones y sentencias cuando a una parte se le ha anotado la rebeldía, la Regla 65.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3(a) establece que, el secretario o secretaria debe notificar el archivo en autos de copia del dictamen "a todas las partes que hayan comparecido en el pleito". La notificación debe realizarse de conformidad con la Regla 67.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 67.1, la cual dispone:

> Se notificará a todas las partes toda orden emitida por el tribunal y todo escrito presentado por las partes. La notificación se efectuará el mismo día en que se emita la orden o se presente el escrito. No será necesario notificar a las partes en rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes se les notificarán en la forma dispuesta en la Regla 4.4 o, en su defecto, por la Regla 4.6, para diligenciar emplazamientos.

Sobre este tema, el Tribunal Supremo de Puerto Rico ha expresado que, la notificación adecuada de una orden a las partes "es parte integral de la actuación judicial y afecta el estado procesal del caso". *Caro v. Cardona*, 158 DPR 592, 600 (2003).

Por su parte, la Regla 67.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 67.2, reglamenta la forma en cómo debe hacerse la notificación, y provee que:

> Siempre que una parte haya comparecido representada por abogado o abogada, la notificación será efectuada al abogado o abogada, **a menos que el tribunal ordene que la notificación se efectúe a la parte misma**. **La notificación al abogado o abogada, o a la parte se efectuará entregándole copia o remitiéndola por correo**, fax o medio <u>**electrónico a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta**</u> o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. Si la dirección se desconoce, se notificará de ello al tribunal con copia del escrito de que se trate. (Énfasis suplido) (subrayado suplido).

El cumplimiento con las reglas que anteceden es corolario del debido proceso de ley, e indispensable para mantener un sistema de justicia ordenado. *Rosario Domínguez, et al. v. ELA et al.*, 198 DPR 197, 214 (2017). El propósito de la notificación es promover "que todas las partes del pleito estén plenamente enteradas de todo lo que allí acontece y [así] puedan expresarse sobre todos los desarrollos en éste". *Rosario Domínguez, et al. v. ELA et al.*, *supra*, pág. 215. También, se le permite a la parte contraria "anticipar sus propios pasos con respecto a los próximos eventos procesales del caso". *Íd.*, citando a *Lagares v. ELA*, 144 DPR 601, 618 (1997). Finalmente, la notificación permite agilizar el trámite judicial. *Íd.* Así pues, reiteramos que uno de los pilares del debido proceso de ley es la notificación adecuada del proceso. *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839 (2021).

Este deber de notificación no constituye un mero requisito impuesto por las Reglas de Procedimiento Civil, sino del debido proceso de ley. *Yumac Home v. Empresas Masso*, 194 DPR 96, 183 (2003). La notificación y el archivo en autos de una copia de la notificación de un dictamen resulta ser una etapa crucial del proceso adjudicativo. *Íd.*, pág. 105. Por eso, la correcta y oportuna

notificación de las órdenes y sentencias es un requisito *sine qua non* de un ordenado sistema judicial. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (2019); *Berríos Fernández v. Vázquez Botet,* 196 DPR 245, 250 (2016). Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial. *Íd.*

Cabe puntualizar que, la notificación adecuada a las partes es parte integral de una acción judicial y tiene que ser emitida por un tribunal con jurisdicción para que el dictamen a notificar surta efecto. Pues es a partir de la notificación que comienzan los términos establecidos. *Bco. Popular v. Andino Solís, supra,* pág. 183*.* **Por tanto, de no notificarse adecuadamente la resolución, orden o sentencia, esta no surte efecto y los términos no comienzan a cursar**. *Íd.* (Énfasis suplido).

-**C**-

El emplazamiento es el mecanismo procesal que permite al tribunal adquirir jurisdicción sobre la parte demandada y éste quede obligado por el dictamen emitido. *Rivera Torres v. Díaz López,* 207 DPR 636, 646-647 (2021); *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 384 (2021). Este, tiene el propósito de notificar a la parte demandada sobre la existencia de una reclamación en su contra. *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 644 (2018); *Torres Zayas v. Montano Gómez et al.,* 199 DPR 458, 467 (2017). De esta forma, si así lo desea, puede comparecer a ejercer sus derechos de ser oído y presentar prueba a su favor. *Cirino González v. Adm. Corrección,* 190 DPR 14, 30 (2014); *Banco Popular v. SLG Negrón,* 164 DPR 855, 863 (2005). Por tanto, su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. *Íd.,* pág. 863. Conforme lo anterior, no es hasta que se diligencie el emplazamiento y se adquiera jurisdicción, cuando la persona puede ser considerada propiamente parte, pues, aunque haya sido

nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal. *Natal Albelo v. Romero Lugo*, 206 DPR 465, 475 (2021); *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869-870 (2015).

En nuestro ordenamiento jurídico, los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están regulados por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4. En esencia, dicho cuerpo establece dos (2) maneras para diligenciar un emplazamiento, a saber: (1) personalmente, o (2) por edicto. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1005 (2021); *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987 (2020). Como norma general, el diligenciamiento personal del emplazamiento es el método idóneo para adquirir jurisdicción sobre la persona. *Banco Popular v. SLG Negrón, supra*, pág. 865. Por consiguiente, si la parte demandada puede ser emplazada personalmente, así deberá efectuarse. *Íd.*

La Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R 4.4, establece el Emplazamiento Personal.

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente:
> **(a)** A una persona mayor de edad, entregando copia del emplazamiento y de la demanda a ella personalmente o a un agente autorizado o una agente autorizada por ella o designada por ley para recibir un emplazamiento.
> [...]
>
> **(e)** A una corporación, compañía, sociedad, asociación o cualquier otra persona jurídica, entregando copia del emplazamiento y de la demanda a un(a) oficial, gerente administrativo(a), agente general o a cualquier otro(a) agente autorizado por nombramiento o designado(a) por ley para recibir **emplazamientos**. **A la Sociedad Legal de Gananciales, [se emplazará] entregando copia del emplazamiento y de la demanda a ambos cónyuges**. *Torres Zayas v. Montano Gómez*, 199 DPR 458, 470 (2017). (Énfasis nuestro).

En lo que nos atañe, la Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, regula el término para diligenciar el emplazamiento a la parte demandada, y lee como sigue:

**El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto**. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. (Énfasis suplido).

Nuestro máximo foro ha resuelto que "[e]ste término es **improrrogable y, consecuentemente**, **si en 120 días el demandante no ha podido diligenciar el emplazamiento automáticamente se desestimará su causa de acción**". *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649 (2018). (Énfasis suplido). Es por ello, que una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto, tendrá el efecto de una adjudicación en los méritos. *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp.*, 2024 TSPR 10, 213 DPR ____ (2024).

Para que el tribunal adquiera jurisdicción sobre todas las partes, es indispensable que éstos sean emplazados conforme a derecho. *Íd.; Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 482 (2019). Es decir, la inobservancia del procedimiento estatuido priva al tribunal de su jurisdicción sobre la persona del demandado. *Rivera v. Sucn. Pérez*, 165 DPR 228, 238 (2005). Los requisitos que dispone la regla de emplazamiento son de cumplimiento estricto. *Íd.* pág. 238. Es decir, "el emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado

y afecta directamente la jurisdicción del tribunal". *Torres Zayas v. Montano Gómez, supra*, pág. 468; *Rivera v. Jaume,* 157 DPR 562, 579 (2002).

A su vez, la Regla 4.6 de Procedimiento Civil, *supra*, requiere que:

> [...] se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto. 32 LPRA Ap. V. R 4.6. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 988 (2020).

De igual forma, nuestro máximo foro judicial ha reiterado que "[l]a declaración jurada que acredita las diligencias realizadas para citar al demandado personalmente debe expresar hechos específicos y no meras conclusiones o generalidades". (citas omitidas). De este modo, se deben incluir las personas con quienes se investigó y su dirección. *Sánchez Ruiz v. Higuera Pérez, supra,* pág. 988.

El Tribunal Supremo de Puerto Rico ha interpretado sobre la omisión de presentar una declaración jurada o una certificación del alguacil suficiente, que, por su contenido intrínseco, **"debe convencer y llevar al ánimo del juez la necesidad de emplazar mediante edictos — precisamente en la etapa crucial decisoria en que se opta por denegar o autorizar la continuación de los procedimientos vía edicto— no es un vicio de mero formalismo o técnico. *Va a la médula de las garantías constitucionales del debido proceso de ley"*. *Reyes v. Oriental Fed. Savs. Bank, supra,* pág. 27. (Énfasis suplido); (Bastardillas en el original).

Por otro lado, la Regla 4.6 de Procedimiento Civil, *supra*, sobre emplazamiento mediante edictos y su publicación dispone lo siguiente:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o **se oculte para no ser emplazada**, o si es una corporación extranjera sin agente residente y **así se compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada**, **o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto.** No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto. [...] 32 LPRA Ap. V, R.4.6. (Énfasis suplido).

Sin embargo, por vía de excepción, **para que un tribunal "permita un emplazamiento mediante edicto, tiene que haberse intentado efectuar *previamente un emplazamiento personal, y después haberse sometido y lógicamente tener el juez ante sí una declaración jurada con la expresión de las diligencias ya efectuadas*.** *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987-988 (2020). (Énfasis suplido); (Bastardillas en el original).

Sobre este particular de los emplazamientos por edictos, nuestro más alto foro ha sido enfático en que "**[l]a declaración jurada que acredita las diligencias realizadas para citar al demandado personalmente debe expresar hechos específicos y no meras conclusiones o generalidades**. *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 23 (1993). De este modo, se deben incluir las personas con quienes se investigó y su dirección. *Global v. Salaam*, 164 DPR 474, 482 (2005). Además, se ha indicado que es una buena práctica "inquirir de las autoridades de la comunidad, la policía, el alcalde, del administrador de correos que son las personas

más llamadas a conocer la residencia o el paradero de las personas que viven en la comunidad". *Id.,* págs. 482–483.

Finalmente, cumplir con la declaración jurada no es suficiente. El Tribunal Supremo de Puerto Rico ha repetido que esa declaración jurada es parte integral del procedimiento para emplazar mediante edictos. Esto significa que, **un tribunal no adquiere jurisdicción "si la declaración jurada que se presenta es insuficiente para inspirar el convencimiento judicial necesario".** *Reyes v. Oriental Fed. Savs. Bank, supra*, pág. 26. (Énfasis suplido). **Así pues, sólo** "**cuando se demuestre de forma fehaciente que se han llevado a cabo aquellas diligencias potencialmente efectivas con el fin de encontrar al demandado, puede el tribunal conceder el permiso para emplazarlo mediante la mencionada publicación**". *Lanzo Llanos v. Banco de la Vivienda*, 133 DPR 507, 513 (1993). (Énfasis suplido).

Examinado el recurso en su totalidad, procedemos a establecer el derecho aplicable y resolver.

**-III-**

Acude ante nos, el matrimonio Vega Cabán señalando que como primer error que incidió el foro primario al declarar *No Ha Lugar* la *Moción en Solicitud de Desestimación* de la demanda por no haberse emplazado conforme a derecho a todas las partes demandadas dentro del término de 120 días provisto por la Regla 4.3 (c) de Procedimiento Civil de 2009, *supra*, y al declarar *No Ha Lugar* la *Moción de Reconsideración y de Relevo de Sentencia* presentado por la parte peticionaria. Como segundo error, los peticionarios sostienen que el Foro a *quo* erró en acoger una declaración jurada vaga e insuficiente y por no considerar una moción de reconsideración presentada por la señora Cabán Acevedo. Por estar intrínsecamente relacionados discutiremos los errores de manera conjunta.

El matrimonio Vega Cabán erróneamente arguye que no se emplazó a todas las partes dentro del término de 120 días que dispone la Regla 4.3 (c) de Procedimiento Civil, *supra*. Este señalamiento por parte de los peticionarios carece de fundamento en derecho. La señora Cabán Acevedo fue emplazada personalmente el 12 de agosto de 2014 y compareció por derecho propio al Tribunal solicitando una prórroga para alegar el 11 de septiembre de 2014.[29]

Por otro lado, la Regla 4.6 de Procedimiento Civil, *supra*, exige el cumplimiento estricto de los requisitos previamente mencionados para poder solicitar la expedición de un emplazamiento por edictos. Según se desprende de la declaración jurada del emplazador, el Foro a *quo* quedó satisfecho de las gestiones realizadas por el emplazador Negrón Negrón. Todas las gestiones hechas por el emplazador, las cuales hemos anteriormente relacionado, demuestran que este hizo un esfuerzo genuino por localizar al señor Vega Jiménez para poder emplazarlo personalmente. Al no tener éxito, la parte recurrida no tenía otra alternativa que emplazarlo por edicto, conforme el ordenamiento procesal civil. El expediente ante nos, también demuestra que el emplazamiento por edicto se hizo de la manera correcta y cumplió con todos los requisitos de la Regla 4.6 de Procedimiento Civil, *supra*, incluyendo la declaración jurada detallando todas las gestiones hechas para localizar al demandado y, además, el envío de copia de la demanda, el emplazamiento y el edicto, por correo certificado con acuse de recibo a todas las direcciones conocidas del demandado dentro de los siguientes diez (10) días de la publicación del edicto. Según se desprende del expediente, todas las cartas certificadas fueron recibidas.[30]

---

[29] Apéndice 2 del Recurso de *Certiorari*, pág. 7. Apéndice 3 del Recurso de *Certiorari*, pág. 10.
[30] Apéndice 6 del Recurso de *Certiorari*, pág. 17, Apéndice 7 del Recurso de *Certiorari*, pág. 19.

Finalmente, no podemos pasar por alto el hecho de que surge en el expediente ante nos que, el peticionario acordó reunirse con el emplazador Negrón Negrón y posteriormente, este optó por no contestarle las llamadas. Este hecho indubitado tampoco fue negado por el señor Vega Jiménez, por lo que el foro primario lo tomó por cierto. Ello demuestra que, el señor Vega Jiménez tenía conocimiento de que se había instado un pleito en su contra y se ocultó para no ser emplazado. Éste decidió no comparecer al pleito, cruzarse de brazos y esperar que recayera una sentencia en rebeldía en su contra para luego solicitar el relevo de dicha sentencia por un fundamento que, a todas luces, es inmeritorio.

Luego de examinados los requisitos de la Regla 4.3 de Procedimiento Civil, *supra*, surge del expediente ante nuestra consideración que el emplazamiento fue expedido **el 13 de junio de 2014 y cuyo término vencía el 10 de octubre de 2014**. La parte peticionaria sostiene que el señor Vega Jiménez no fue emplazado conforme a derecho dentro del término provisto. Ante la imposibilidad de emplazar al señor Vega Jiménez, **el 21 de agosto de 2014** la parte recurrida sometió una moción solicitando emplazamiento por edicto para el señor Vega Jiménez, dicha moción fue radicada el 4 de septiembre de 2014 según consta de los autos.[31] **Es decir, la solicitud del emplazamiento por edictos se realizó dentro del período de 120 días permitido para diligenciar el emplazamiento personal.** La publicación y la notificación del emplazamiento por edicto se realizó dentro del término establecido por la Regla 4.6 de Procedimiento Civil, *supra*, por lo que no es correcto el planteamiento del señor Vega Jiménez. Examinado el expediente ante nuestra consideración, concluimos que el

---

[31] Apéndice 2 del Recurso de *Certiorari*, págs. 4-5.

matrimonio Vega Cabán fue emplazado conforme a derecho, por lo que *no se cometió el error señalado.*

Por otra parte, sostiene el matrimonio Vega Cabán que erró el Tribunal de Primera Instancia al denegar la *Moción urgente solicitando la paralización de los procedimientos post sentencia y en solicitud de que se ordene la notificación correcta de la sentencia.*

Es menester comenzar por la *moción Solicitando prórroga para contestar demanda y/o hacer alegación responsiva* presentada por la señora Cabán Acevedo.[32] Se desprende de la moción antedicha:

1. Que fue emplazada personalmente, habiendo recibido copia del emplazamiento y de la demanda el día 12 de agosto de 2014, para ser contestada dentro del término de ley.
2. Que estoy en proceso de recopilar toda la información necesaria para contestar adecuadamente la demanda en cuestión.
3. **En vista de lo antes expuesto, solicito del Honorable Tribunal me conceda una prórroga de 30 días a partir de la notificación de su orden, para contestar y/o hacer alegación responsiva de la referida demanda.**
4. **Que mi dirección postal es P.O. Box 325, Aguada, Puerto Rico, 00602; mi dirección física es Bo. Piñales carr. 402, Km. 4.2, Urb. Hacienda Libertad, Añasco, Puerto Rico [...].**

La moción precitada fue presentada el 11 de septiembre de 2014 ante el Tribunal de Primera Instancia. Sin embargo, la *Resolución y Orden* sobre la moción de solicitud de la prórroga no fue notificada a la dirección aquí expuesta. Surge de los autos que, a quien único se le notificó la *Resolución y Orden* emitida el 19 de septiembre de 2024 fue al Lcdo. Edgardo M. Román Espada, antiguo representante legal del Banco Popular, dicha notificación obra en autos a la fecha del 16 de octubre de 2014.[33]

La señora Cabán Acevedo presentó la solicitud de reconsideración del levantamiento de la rebeldía. Arguyó que no

---

[32] Apéndice 3 del Recurso de *Certiorari*, pág. 10.
[33] Apéndice 4 del Recurso de *Certiorari*, págs. 11-12.

había incurrido en conducta temeraria al no contestar dentro del plazo concedido **debido a que no se le notificó la determinación del Tribunal de Primera Instancia mediante la cual adjudicó la moción de prórroga a su dirección postal**. Añadió que, la doctrina aplicable se debía dirigir a dejar sin efecto la anotación de rebeldía según la teoría vanguardista promulgada por el Tribunal Supremo de Puerto Rico. Posteriormente, **el 18 de agosto de 2023 el foro de origen emitió una *Resolución y Orden*, en donde aceptó que no se le había notificado a la señora Cabán Acevedo el plazo concedido para su prórroga.** No obstante, justificó que, ante la inadvertencia de notificación, y por la tardanza de la comparecencia de la señora Cabán Acevedo, le correspondía rebatir el peso de la prueba relacionado a la notificación defectuosa emitida por el Tribunal de Primera Instancia. Según se desprende de la misma y citamos:

> "Al evaluar los autos del caso detenidamente encontramos que la codemandada Omayra Cabán Acevedo compareció a solicitar prórroga para contestar la demanda mediante moción el 11 de septiembre de 2014, firmada con fecha de radicación. En el certifico de la moción se informó que copia de la moción fue notificada por correo electrónico a la dirección bufetecolonroman@yahoo.com. El 19 de septiembre de 2014 mediante *Resolución y Orden* el Tribunal concedió la prórroga de treinta (30) días solicitada, so pena de anotación de rebeldía. **Al evaluar el archivo en autos encontramos que la secretaría solo notificó la determinación al Lcdo. Edgardo M. Román Espada a su dirección postal de récord**. Conforme a los datos de contacto provistos por la parte demandante la dirección de la parte codemandada, la Sra. Cabán Acevedo, se informó que era: PMB 841, PO Box 5000, Aguada, Puerto Rico 00602. **No se registró por la secretaría la dirección informada en la moción: PO Box 325 Aguada, Puerto Rico, 00602. La sentencia también fue notificada a la dirección de récord, pero no a la dirección informada por la codemandada Cabán Acevedo**. La codemandada, quien fue emplazada personalmente **nunca contestó la demanda**, ni compareció a solicitar remedios a este tribunal hasta que **el 5 de julio de 2023** radicó la moción que nos ocupa. [...]".[34]

---

[34] Apéndice 24 del Recurso de *Certiorari*, págs. 158-160.

Como vemos, de la propia *Resolución* emitida por el Tribunal de Primera Instancia se desprende que cuando la señora Cabán Acevedo compareció ante el Tribunal de Primera Instancia notificó su nueva dirección postal y residencial.[35] En ese sentido, el foro de instancia erró al no tomar nota de la dirección informada para realizar una notificación conforme a derecho.[36] Es menester destacar que, según surge del expediente **ningún trámite judicial posterior fue notificado a la dirección expuesta por la señora Cabán Acevedo**. En adición a lo anterior, el Foro a *quo* declaró a la señora Cabán Acevedo incursa en rebeldía, y esta anotación de rebeldía tampoco fue notificada a la parte peticionaria.

Subsiguientemente, el foro de instancia dispuso en la *Resolución* del 17 de octubre de 2023:

> "Evaluadas las mociones y la prueba testifical ofrecida por la parte demandada Omayra Cabán Acevedo encontramos que el testimonio fue vago e impreciso. La demandada no compareció preparada. Del testimonio surge que la demandada luego de ser emplazada procuró la orientación de un abogado quien le asistió en la preparación de la moción radicada el 11 de septiembre de 2014 en la cual solicitó prórroga aduciendo estar en proceso de recopilar toda la información necesaria para contestar la demanda. Sin embargo, al ser interrogada en cuanto al particular la demandada no pudo procesar la gestión realizada para recopilar la información necesaria y contestar la demanda. **Si bien la Sra. Omayra Cabán Acevedo <u>no recibió notificación de la Resolución y Orden del 19 de septiembre de 2014 concediéndole la prórroga solicitada por esta, la Sra. Cabán conocía el término que por el emplazamiento tenía para contestar la demanda y dejó que el mismo se agotara</u>**.
> [...]
> **Finalmente, <u>en atención a que no se le notificó a la demandada la sentencia a la dirección provista es requerido que se enmiende la notificación de la sentencia dictada en el caso de manera que los términos discurran conforme es requerido. Somos con[s]cientes de que no empece a que no se le notificó la sentencia[,] la parte demandada conocía de la sentencia y radicó el 30 de diciembre de 2019 un trámite ante la Corte de Quiebra en cuyo caso se decretó el descargo de la deuda objeto de cobro en este caso que impide la continuación de gestiones de cobro en contra de la codemandada Omayra</u>**

---

[35] Apéndice 3 del Recurso de *Certiorari*, pág. 10.
[36] Apéndice 4 del Recurso de *Certiorari*, págs. 4-5.

> **Cabán Acevedo, determinación que no afecta por el hecho de que se notifique nuevamente la sentencia que no fue notificada.** La realidad es que la acción judicial seguirá tramitándose *In Rem*, es decir, contra la propiedad.
>
> Por lo anterior, se ordena la notificación de la sentencia a todas las partes codemandadas y continúen los procedimientos correspondientes luego de que se cumpla con la notificación.
>
> Notificada que fuese sentencia las partes demandadas podrán realizar los ruegos que estimen pertinentes.
>
> Por lo dispuesto, **se deja sin efecto por ser nulo, todo trámite post sentencia celebrado y toda orden emitida para la ejecución de la sentencia**". [37]

Nótese que, cuando la señora Cabán Acevedo compareció ante el foro primario y solicitó la prórroga para alegar, **dicha *Resolución y Orden* no fue enviada a la dirección provista, al igual que ningún otro documento**. El Tribunal de Primera Instancia ponderó que el "renotificar" la *Sentencia* emitida el 20 de enero de 2015, subsanaría el defecto de la notificación en el caso de marras. Nada más lejos de la verdad. Adviértase que, ante la notificación defectuosa de la *Orden y Resolución* del 19 de septiembre de 2014 y "notificada" el 16 de octubre de 2014, únicamente al representante legal de Banco Popular, **vició todo el trámite procesal e incidió directamente en el derecho de la señora Cabán Acevedo**. Pues adviértase que, raíz de dicha *Orden y Resolución* se le anotó la rebeldía a la señora Cabán Acevedo culminando en una clara violación del debido proceso de ley, el cual quebrantó gravemente el tracto procesal de este caso. Pues ello culminó en la violación de los derechos de las partes, oprimiendo así las garantías procesales que, como guardianes de la justicia estamos llamados a proteger.

Por lo cual, **resulta forzoso concluir que el procedimiento de la notificación defectuosa lesionó todo el trámite efectuado en contra del matrimonio Vega Cabán**. Pues el efecto de esta grave

---

[37] Apéndice 24 del Recurso de *Certiorari*, págs. 158-160.

inadvertencia conlleva la nulidad de la *Sentencia* emitida en contra de ambos codemandados.

**-IV-**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, se expide el auto de *Certiorari* y se revoca la *Resolución* recurrida.

Además, se le ordena al Tribunal de Primera Instancia a notificar correctamente la *Resolución y Orden* del 19 de septiembre de 2014, notificada el 16 de octubre de 2014 a la señora Cabán Acevedo, para anunciar su representación legal y le provea un término para contestar la demanda. En cuanto al señor Vega Jiménez, se ordena que el Tribunal de Primera Instancia reactive los términos para anunciar su representación legal y para contestar la demanda, para que continúen los procedimientos de manera compatibles con esta *Sentencia*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones